UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-80226-CIV-MIDDLEBROOKS/Johnson

IRA KAUFMAN and DAWN KAUFMAN,
                Plaintiffs,

vs.

CITY PLACE SOUTH TOWER, LLC,
a Florida limited liability company,
                Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (DE 29), filed on September 2, 2008; and Plaintiffs' Motion for Summary Judgment (DE 30), filed on September 3, 2008. Having reviewed the record and being otherwise fully advised in the premises, the Court grants summary judgment in favor of Defendant for the reasons stated below.

### I. Background

This dispute arises from a condominium purchase and sale agreement ("the Contract") for real property in Florida. Plaintiffs entered into a contract to purchase Unit 1213 at CityPlace South Tower ("the Unit") from Defendant, a corporation that is constructing a condominium development in excess of 100 units in Palm Beach County. Because Defendant plans to develop a project in excess of 100 units, it is subject to the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. § 1701 *et seq.* Plaintiffs allege that Defendant has violated the ILSA by failing to provide the proper default provisions mandated by the ILSA. Consequently, they seek rescission of the Contract, return of the $136,780 in deposits that they have paid, and reasonable attorney's fees. Additionally, Plaintiffs assert claims for violation of the Florida Uniform Land Sales Practice Act, FLA. STAT. § 498.001 *et*

1

*seq.*,[1] breach of contract, equitable rescission, and return of deposit, all based on the same Contract flaw.[2]

## II. Standard of Review

Summary judgment is appropriate only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Imaging Bus. Mach., LLC v. BancTec, Inc.*, 459 F.3d 1186, 1189 (11th Cir. 2006). The moving party bears the burden of meeting this exacting standard. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In applying this standard, the evidence, and all reasonable factual inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party. *See Arrington v. Cobb County*, 139 F.3d 865, 871 (11th Cir. 1998); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The non-moving party, however, bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in their favor. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). The non-moving party "[m]ay not rest upon the mere allegations and denials of [its] pleadings, but [its] response . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be

---

[1] Plaintiffs assert a claim under the laws as they were in effect at the time that the Contract was executed and the dispute arose. The Act was repealed and/or renumbered effective July 1, 2008.

[2] This action was commenced in state court and subsequently removed to federal court. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1331(a). The action was subject to removal pursuant to 28 U.S.C. § 1441(a). Buyers are residents and domiciliaries of Texas. Defendant is an LLC with its principal place of business in Palm Beach, Florida.

evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Further, conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment. *See Earley*, 907 F.2d at 1081. The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See Celotex*, 477 U.S. at 322.

If the record presents factual issues, a court must not decide them; it must deny the motion and proceed to trial. *See Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981). If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment. *See Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *see also Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)("[T]he dispute about a material fact is genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the non-moving party").

### III. Discussion

#### A) Facts

The undisputed material facts of the case[3] can be recited as follows:

Defendant is a corporation that is constructing a condominium development in excess of 100 units in Palm Beach County. Because Defendant plans to develop a project in excess of 100 units, it is subject to the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. § 1701 *et seq.* Defendant complied with the filing requirements with the U.S. Department of Housing and Urban

---

[3] The parties agreed that there are no material disputed facts. *See* Joint Pretrial Stipulation (DE 37). The facts recited above primarily are taken from the Joint Pretrial Stipulation, and supplemented by information in the pleadings.

Development ("HUD") and subsequently received a HUD certificate on July 1, 2005, thus demonstrating compliance with the ILSA. On or about August 1, 2005, Plaintiffs-Buyers signed a Contract to purchase Unit 1213 at CityPlace South Tower ("the Unit") for $683,900.00 from Defendant-Seller. Prior to the execution of the Contract, Defendant provided Plaintiffs with the necessary disclosure documents required under the ILSA. On November 6, 2007, Plaintiffs provided written notice to Defendant that they sought to terminate the contract. Plaintiffs demanded return of their deposit money, which totaled $136,780. Defendant failed to respond. Plaintiffs subsequently commenced the current litigation, asserting that they may terminate the Contract because it has a provision precluding them from seeking specific performance, which violates the ILSA.

Certain clauses contained in the Contract are particularly relevant to the case at bar. Paragraph 7 of the Contract provides that the Unit will be substantially completed by December 31, 2009.[4] Paragraph 13 of the Contract states, in relevant part, that "If Seller defaults under this Agreement, . . . Buyer will have such rights as may be available under applicable law except that Buyer may not seek specific performance of Seller's obligations."[5] Paragraph 26 of the Contract, "Florida Law: Severability," provides that any disputes arising under the Contract would be settled according to Florida law; and if any part of the Contract violates a provision of applicable law, the applicable law will control, while the rest of the Contract (not in violation) will remain in force.[6]

Additionally, the parties acknowledge that under the ILSA, Plaintiffs are entitled to recover

---

[4] Subject only to extensions resulting from *Force Majeure. See* Complaint, Exhibit A, Contract, ¶ 7.

[5] *See id.* at ¶ 13.

[6] *See id.* at ¶ 26.

attorneys' fees incurred for the two ILSA counts alleged in this litigation should Plaintiffs prevail. The parties also agree that under the Contract, the prevailing party is entitled to reasonable attorneys' fees and costs for litigation pertaining to the Contract.[7]

### B) Defendant's Motion for Summary Judgment

Defendant argues that all causes of action in the instant litigation fail as a matter of law because (1) the limitation-of-remedies provision, Paragraph 13 of the Contract, does not constitute a violation of the ILSA because Defendant is not exempt under the ILSA; and (2) even assuming that the provision constitutes a violation of the ILSA, the Contract contains a severability provision, Paragraph 26, which is fully enforceable under Florida Law. *See* Defendant's Motion for Summary Judgment (DE 29), pp. 2-3.

### C) Plaintiff's Motion for Summary Judgment

Conversely, Plaintiffs assert that, as a matter of law, compliance with the HUD filing requirements exempts Defendant from the mandatory two-year completion date, but it cannot exempt Defendant-Seller from non-performance by Defendant-Seller at its discretion. Rather, Plaintiffs assert that the ILSA requires that the Contract "obligates" Defendant's performance, and Defendant is not "obligated" to perform if the Contract does not permit specific performance in the event of Defendant's default. Plaintiffs argue that the exclusion of specific performance as a remedy for default "renders the contract illusory, as the obligation of [] Defendant to complete is non-compliance with [the] ILSA." In support of this proposition, Plaintiffs rely upon *Stein v. Paradigm Mirsol*, LLC, 551 F.Supp.2d 1323 (M.D. Fla. 2008) and *Samara Dev. Corp. v. Marlow*, 556 So.2d 1097 (Fla.

---

[7] *See id.* at ¶ 16 ("In the event of any litigation between the parties under this Agreement, the prevailing party shall be entitled to reasonable attorneys', paralegals' and para-professionals' fees and court costs at all trial and appellate levels").

1990).[8]

### D) Analysis

The ILSA was designed to protect land buyers by requiring that developers disclose material information. *Rice v. Branigar Org.*, 922 F.2d 788, 791 n.4 (11th Cir. 1991) (citing *Flint Ridge Dev. Co. v. Scenic Rivers Ass'n*, 426 U.S. 776 (1976)). The Act is an anti-fraud statute utilizing disclosure as its primary tool. *Winter v. Hollingsworth Prop.*, 777 F.2d 1444, 1447 (11th Cir. 1985). Full compliance with the ILSA requires, *inter alia*, the filing of a "Statement of Record" with the Office of Interstate Land Sales Registration,[9] delivery of a "Property Report" to purchasers,[10] and exposure to liability under the Act's anti-fraud provision.[11] However, the ILSA wholly exempts from its coverage a broad range of transactions and partially exempts from its registration requirements additional categories of transactions. For example, if the seller is obligated under a contract to erect a building within two years, the sale is exempt from the Act.[12] *See Winter*, 777 F.2d at 1450. But if

---

[8] Plaintiffs also cite *Infinity Global v. Resort at Singer Island*, 2008 WL 1711535 (S.D.Fla. 2008); *Rondini v. Evernia Prop.*, 2008 WL 793512 (S.D. Fla. 2008); and *Van Hook v. Residences at Coconut Point, LLC*, 2008 WL 2740331 (M.D. Fla. 2008). As in *Samara* and *Stein*, the issues presented in *Evernia* and *Van Hook* pertained to whether a party-developer was exempt from the ILSA. *Infinity Global* involved alleged violations of the ILSA by a developer who had allegedly charged too much interest during a cure period. None of the cases provide much helpful guidance for this litigation.

[9] *See* 15 U.S.C. § 1704.

[10] *See* 15 U.S.C. § 1707.

[11] *See* 15 U.S.C. § 1703(a)(2).

[12] Under Section 1702 of the ILSA, the two year completion exemption applies to "the sale or lease of land under a contract obligating the seller or lessor to erect such a building within a period of two years." 15 U.S.C. § 1702. Much litigation has ensued over the meaning of the word "obligating." Courts have had to determine what contractual language qualifies as an unconditional commitment and what language eviscerates the seller's obligation for purposes of

a contract does not contain a binding obligation to complete a building within two years, compliance with the statute is required. *See id.*

Plaintiffs premise their argument on the rule that a real estate contract which limits a buyer's remedies prohibits the underlying transaction from qualifying as exempt under the ILSA. It is well-established that, in order for developers to be exempt under the ILSA, they must be "obligated" to complete construction within two years and the purchasers' remedies may not be limited. *See, e.g., Winter v. Hollingsworth Prop.*, 777 F.2d 1444 (11th Cir. 1985); *Maguire v. S. Homes of Palm Beach, LLC*, 2008 WL 2474657 at *4 (S.D.Fla. 2008); *Stein v. Paradigm Mirsol, LLC*, 551 F.Supp.2d 1323 (M.D.Fla. 2008); *Pugliese v. Pukka Dev., Inc.*, 524 F.Supp.2d 1370 (S.D.Fla. 2007); *Samara Dev. v. Marlow*, 556 So.2d 1097 (Fla. 1990); *Dorchester Dev., Inc. v. Burk*, 439 So.2d 1032 (Fla. 3d DCA 1983). A developer does not have a tangible obligation to complete construction within two years if other provisions of the contract render the apparent obligation illusory. *See Maguire*, 2008 WL 2474657 at *2. If the obligation is illusory, the contract is subject to the provisions of the ILSA. *See Winter*, 777 F.2d at 1450; *Maguire*, 2008 WL 2474657 at *2.

In the case at bar, both parties agree that Defendant is not exempt from the ILSA, and that Defendant has, in fact, complied with the ILSA.[13] Thus, the completion date for construction in the

---

the Section 1702 exemption. That is not the issue here.

[13] *See* Joint Pretrial Stipulation (DE 37). In addition to HUD filing requirements, there are disclosures that must be made to purchasers. Specifically, Section 1703(d) requires that the purchaser of a lot "not exempt under section 1702" shall have a two-year right of revocation if the purchase agreement does not include a description of the lot; a provision ensuring that the seller will give the purchaser notice if the purchaser defaults or breaches the agreement, and the opportunity to cure the default or breach; and a provision that gives a defaulting purchaser the right to recoup any amount paid over 15% of the purchase price. There are no allegations that Defendant has violated these provisions.

Contract, December 31, 2009, is permissible if that is what the parties desired. Yet Plaintiffs argue that the Default provision of the Contract, which precludes them from seeking specific performance, renders the contract illusory under the ILSA because it releases Defendant from its obligation to construct by a specific date. Plaintiffs misinterpret the ILSA. The Act does not stand for the proposition that purchasers' remedies can never be limited. Rather, the ILSA and relevant case law state that purchasers' remedies cannot be limited <u>if developers claim an exemption</u> under Section 1702 of the Act.

In fact, courts are concerned about situations inverse to the one presented here. Courts disfavor contracts in which a purchaser's remedy is limited <u>solely</u> to specific performance, as well as contracts that limit a purchaser's right to sue and/or seek special damages.[14] The cases cited by Plaintiffs in their Motion for Summary Judgment are representative of this problem. In *Samara Dev. Corp. v. Marlow*, 556 So.2d 1097, 1101 (Fla. 1990), the defendant-developer claimed an exemption under Section 1702 of the ILSA and the contract at issue expressly **limited the buyer's remedy to** return of deposit **or an action for specific performance**, while **excluding the option of a suit for damages**. *Samara*, 556 So.2d at 1101 (emphasis added). The Florida Supreme Court did <u>not</u>, as Plaintiffs suggest, rule that "failure to permit specific performance upon seller's breach as a matter of law renders the contract illusory."[15] Rather, it was a much narrower holding that a contract limiting a buyer's remedies to recovery of deposit or specific performance upon default by a

---

[14] Courts are concerned because, if the seller breaches an agreement and sells the building to a bona fide third party, and the original purchaser is limited solely to a remedy of specific performance, the original purchaser may be left without his or her money, without the building, and without recourse.

[15] *See* Plainitffs' Motion for Summary Judgment (DE 30), p. 3.

developer was subject to the ILSA. *See Samara*, 556 So.2d at 1101.

Similarly, in another case cited by Plaintiffs, *Stein v. Paradigm Mirsol*, 551 F.Supp.2d 1323 (M.D.Fla. 2008), the main issue was whether the defendant was required to comply with the reporting and disclosure requirements of the ILSA.  Judge Steele found that defendant must comply because the contract **limited the plaintiffs to either (a) specific performance or (b) direct and actual damages**, while **not allowing the plaintiffs to seek special damages of any kind**. *See Stein*, 551 F.Supp.2d at 1326, 1330-32 (emphasis added).

The facts of *Samara* and *Stein* are easily distinguishable from the case at bar.[16]  The Contract between Plaintiffs and Defendant expressly excludes Plaintiffs-Purchasers' right to specific performance as a remedy in the event of Defendant-Seller's default, but includes all other "such rights as may be available under applicable law."[17]  Thus, with the exception of specific performance, all other remedies under Florida law remain available.  Accordingly, since Defendants have complied with the provisions of the ILSA, Plaintiffs claims under the Act fail.

The analysis does not end with the ILSA evaluation, however.  The Court also must examine whether it is true, as Plaintiffs' claim, that the default provision denying them specific performance renders the entire Contract illusory and otherwise unenforceable, regardless of Defendant's compliance with the ILSA.  Defendant contends that the provision is lawful and, even if it is not, the severability clause preserves the rest of the Contract.

---

[16] For another example demonstrating the limitation problem, *see Dorchester Dev. Inc. v. Burk*, 439 So.2d 1032 (Fla. 3d DCA 1983) (holding that the developer was not exempt from the ILSA where the purchaser expressly was limited to the choice of extending the date of closing or cancelling the agreement if the two-year completion deadline was not met).

[17] *See* Complaint, Exhibit A, the Agreement, ¶ 7.

Under Florida contract law, parties enjoy the freedom to limit their respective remedies. Nevertheless, a contract must be reasonable and must provide a mutuality of obligation in order to be considered enforceable. *See Maguire*, 2008 WL 2474657 at \*4; *see Jay Vee Realty Corp. v. Jaymar Acres Inc.*, 436 So.2d 1053 (Fla. 4th DCA 1983); *Indian River Colony Club, Inc. v. Schopke Constr. & Eng'g. Inc.*, 592 So.2d 1185 (Fla. 5th DCA 1992). Generally, where the parties to a contract have agreed upon a remedy in the event of a breach, their agreement will control, provided the remedy is "mutual, unequivocal and reasonable." *See Seaside Cmty. Dev. Corp. v. Edwards*, 573 So.2d 142, 147 (Fla. 1st DCA 1991) (quoting *Hatcher v. Panama City Nursing Ctr.*, 461 So.2d 288, 290 (Fla. 1st DCA 1985). Nevertheless, the remedies provided by the parties are susceptible to scrutiny by the courts, to determine whether they are, in fact, mutual and reasonable. *Seaside Cmty. Dev. Corp.*, 573 So.2d at 147; *see Ocean Dunes of Hutchinson v. Colangelo*, 463 So.2d 437, 440 (Fla. 4th DCA 1985). Although the parties can stipulate to different kinds of remedies, "both parties must have genuine, not illusory, obligations. *Ocean Dunes*, 463 So.2d at 440.

The Court finds that the agreed-upon remedies in the Contract between Plaintiffs and Defendant are fair and reasonable. The Court finds no authority the proposition that Plaintiffs' inability to exercise specific performance effectively voids the Contract, or, for that matter, justifies the harsh remedy of rescission. In fact, Florida courts allow parties to a contract to limit the remedies available in the event of breach. *See Weaver v. Opera Tower, LLC*, 2008 WL 4145520 (S.D.Fla. 2008); *Amoco Oil Co. v. Gomez*, 125 F.Supp.2d 492 (S.D.Fla. 2000); *Blue Paper, Inc. v. Provost*, 914 So.2d 1048, 1052 (Fla. 4th DCA 2005); *Ocean Dunes of Hutchinson Island Dev. Corp. v. Colangelo*, 463 So.2d 437, 440 (Fla. 4th DCA 1985) ("'[S]auce for the goose is sauce for the gander.' The parties can stipulate to different kinds of 'sauces,' but both parties must have genuine,

not illusory, obligations").

In the case at bar, the Contract between Plaintiffs and Defendant constitutes an agreement on the part of the Defendant-Developer to convey, and on the part of the Plaintiffs-Purchasers to pay for Unit 1213 at CityPlace South Tower. It is an enforceable and binding contract, supported by valid consideration. *See Ocean Dunes*, 463 So.2d at 437-40. Defendant cannot breach at will; it must complete construction by December 31, 2009, subject only to extensions resulting from *force majeure*.[18] In the event of a default by Defendant, Plaintiffs have all remedies available under Florida law except for specific performance.[19] If Plaintiffs default, Defendant can resell the Unit and keep money for liquidated damages, but Defendant will return any amount greater than 15% of the Purchase Price that Plaintiffs have paid.[20]

The contract flaw alleged in Plaintiffs' Complaint is not a true flaw and does not violate the ILSA. Plaintiffs' other claims also fail as a matter of law. Under Florida law, to succeed on a breach of contract claim, the plaintiff must establish (1) the existence of a valid contract; (2) a material breach of the contract; and (3) damages. *Rondini v. Evernia Prop.*, 2008 WL 793512 at *3 (S.D.Fla. 2008); *see Brooks Tropicals, Inc. v. Acosta*, 959 So.2d 288, 292 (Fla. 3d DCA 2007). For the reasons noted above, there is no breach of contract in the instant litigation. Moreover, rescission ordinarily is granted only for "fraud, accident or mistake and not because of the mere want or failure of consideration." *Weaver v. Opera Tower, LLC*, 2008 WL 4145520

---

[18] *See* Complaint, Exhibit A, Contract, ¶ 7. *Force majeure* clauses are lawful in Florida. *See Harvey v. Lake Buena Vista Resort, LLC*, 568 F.Supp.2d 1354 (M.D.Fla. 2008).

[19] *See* Complaint, Exhibit A, Contract, ¶ 13.

[20] *See id.*

(S.D.Fla. 2008) (quoting *Webb v. Kirkland*, 899 So.2d 344, 346 (Fla. 2nd DCA 2005). There are no allegations of fraud, accident, or mistake in this case.

### IV. Conclusion

Having carefully reviewed the record and considered the parties' arguments, the Court finds that Defendant is entitled to judgment as a matter of law.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (DE 29) is GRANTED and Plaintiffs' Motion for Summary Judgment (DE 30) is DENIED.

Pursuant to the Contract, the parties agreed that the prevailing party is entitled to reasonable attorneys' fees and costs for litigation pertaining to the Contract.[21]   Therefore, it is further ORDERED AND ADJUDGED that Defendant shall submit its request for attorneys' fees and costs along with a memorandum of law supporting its entitlement to the relief by **5:00 p.m. on November 3, 2008.**

This case has been removed from the Trial Calendar. Parties no longer are required to appear on Wednesday, October 22, 2008.

DONE AND ORDERED in Chambers at West Palm Beach, FL, this 20 day of October, 2008.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to counsel of record.

_____

[21] *See* Complaint, Exhibit A, Contract, at ¶ 16.

12